

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700          (973) 645-2700
Newark, NJ 07102

December 23, 2019

Jenny Kramer, Esq.
Alston & Bird LLP
90 Park Avenue
15th Floor
New York, New York 10016

*Crim. No. 20-134 (SDW)*

Re:   <u>Plea Agreement with Zachary Ohebshalom</u>

Dear Ms. Kramer:

This letter sets forth the plea agreement between your client, Zachary Ohebshalom, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on December 30, 2019, if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Zachary Ohebshalom to a one-count Information charging him with knowingly and willfully conspiring to offer and pay illegal remuneration, namely kickbacks and bribes, in violation of the federal health care program anti-kickback statute, namely offering and paying bribes in return for the referral of prescriptions for medically unnecessary pain creams, for which payment was made in whole or in part under the federal workers' compensation benefits program administered by the Department of Labor, Office of Workers' Compensation Program, contrary to 42 U.S.C. § 1320a-7b(b)(2), in violation of 18 U.S.C. § 371. If Zachary Ohebshalom enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Zachary Ohebshalom for, during the time period of in or about July 2015 through in or about July 2019, participating in a conspiracy to bill medically unnecessary topical pain cream prescriptions to the Department of Labor, Office of Workers' Compensation Program and offering and paying kickbacks for the referral of such prescriptions to a pharmacy located in Fairlawn, New Jersey. However, in the event that a guilty plea in this matter is

not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Zachary Ohebshalom agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Zachary Ohebshalom may be commenced against him, notwithstanding the expiration of the limitations period after Zachary Ohebshalom signs the agreement.

<u>Sentencing</u>

The violation of 18 U.S.C. § 371 to which Zachary Ohebshalom agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Zachary Ohebshalom is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Zachary Ohebshalom ultimately will receive.

Further, in addition to imposing any other penalty on Zachary Ohebshalom, the sentencing judge (1) will order Zachary Ohebshalom to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Zachary Ohebshalom to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order Zachary Ohebshalom, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require Zachary Ohebshalom to serve a term of supervised release of not more than three years, which term of supervised release will begin at the expiration of any term of imprisonment imposed.  Should Zachary Ohebshalom be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Zachary Ohebshalom may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on

2

post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Restitution Agreement</u>

In addition, Zachary Ohebshalom agrees to pay restitution in an amount to be determined at the time of sentencing for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense.

<u>Rights of this Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Zachary Ohebshalom by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of Zachary Ohebshalom's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Zachary Ohebshalom agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Zachary Ohebshalom from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

3

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Zachary Ohebshalom waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Zachary Ohebshalom understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Zachary Ohebshalom  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Zachary Ohebshalom.

No provision of this agreement shall preclude Zachary Ohebshalom from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Zachary Ohebshalom received constitutionally ineffective assistance of counsel.

4

No Other Promises

     This agreement constitutes the plea agreement between Zachary Ohebshalom and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                          Very truly yours,

                          CRAIG CARPENITO
                          United States Attorney

                          By: DAVID M. ESKEW
                          Assistant U.S. Attorney

APPROVED:

ERICA LIU
Deputy Chief, Criminal Division

I have received this letter from my attorney, Jenny Kramer, Esq.
I have read this letter.  My attorney and I have discussed the letter and all of its
provisions, including the provisions addressing the charge, sentencing,
restitution, forfeiture, the stipulations, waiver, and immigration consequences.
I understand the letter fully.  I hereby accept the terms and conditions set forth
in this letter and acknowledge that it constitutes the plea agreement between
the parties.  I understand that no additional promises, agreements, or
conditions have been made or will be made unless set forth in writing and
signed by the parties.  I want to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:


_____        Date: 1/6/2020
Zachary Ohebshalom


        I have discussed with my client this plea agreement and all of its
provisions, including those addressing the charge, sentencing, restitution,
forfeiture, the stipulations, waiver, and immigration consequences.  My client
understands the letter fully and wants to plead guilty pursuant to this plea
agreement.


_____        Date: 1/6/20
Jenny Kramer, Esq.


6

## Plea Agreement With Zachary Ohebshalom

## Schedule A

1.      This Office and Zachary Ohebshalom recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Zachary Ohebshalom nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Zachary Ohebshalom within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and Zachary Ohebshalom further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.      The version of the United States Sentencing Guidelines, effective November 1, 2018, applies in this case.

3.      The applicable guideline for the offense charged in the Information is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.  Because the substantive offense is a conspiracy to pay kickbacks, the applicable guideline is U.S.S.G. § 2B4.1.

4.      Under U.S.S.G. § 2B4.1, the base offense level is 8. *See* U.S.S.G. § 2B4.1(a).

5.      Because this offense involved an improper benefit to be conferred totaling more than $1,500,000 but not more than $3,500,000, the Specific Offense Characteristic results in an increase of 16 levels.  *See* U.S.S.G. § 2B4.1(b)(1)(B) and 2B1.1(b)(1)(I).

6.      The Total Base Offense Level is 24.

7.      Zachary Ohebshalom was a minor participant in the relevant criminal activity, pursuant to U.S.S.G. § 3B1.2(b).  This results in a decrease of 2 levels.

8.      As of the date of this letter, Zachary Ohebshalom has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Zachary Ohebshalom's acceptance of responsibility continues through the date of sentencing.  *See* U.S.S.G. § 3E1.1(a).

7

9.     As of the date of this letter, Zachary Ohebshalom has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in Zachary Ohebshalom's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Zachary Ohebshalom enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Zachary Ohebshalom's acceptance of responsibility has continued through the date of sentencing and Zachary Ohebshalom therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Zachary Ohebshalom's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10.     In accordance with the above, the parties agree that the total Guidelines offense level applicable to Zachary Ohebshalom is 19 (the "agreed total Guidelines offense level").

11.     The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 19 is reasonable.

12.     Zachary Ohebshalom knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 19.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.